1

2          **E-Filed 5/4/2010**

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

| | |
|---|---|
| 12  NELSON R. HERRERA and NENEBETH T. HERRERA, | Case Number C 10-0902 JF (HRL) |
| 13 | **ORDER[1] GRANTING DEFENDANTS' MOTION TO** |
| Plaintiffs, | **DISMISS, WITH LEAVE TO** |
| 14 | **AMEND IN PART** |
| v. | |
| 15 | [re:  document no. 10] |
| 16  COUNTRYWIDE KB HOME LOANS aka COUNTRYWIDE MORTGAGE VENTURES, LLC, a business entity, et al., | |
| 17 | |
| Defendants. | |
| 18 | |

19

20          Defendants Countrywide Mortgage Ventures, LLC ("Countrywide"); BAC Home Loans

21  Servicing, LP ("BACHL") (erroneously sued as "BAC Home Loan Servicing, LP"); ReconTrust

22  Company, N.A.; and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively

23  "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint in the above-

24  entitled action for failure to state a claim upon which relief may be granted.  The Court has

25  considered the moving and responding papers and the oral argument presented at the hearing on

26  April 30, 2010.  For the reasons discussed below, the motion will be granted, with leave to

27  _____

28          [1] This disposition is not designated for publication in the official reports.

1  amend in part.

2  **I. BACKGROUND**

3          This action arises out of a residential mortgage transaction.  Plaintiffs' principal residence

4  ("the Property") is located at 341 Rayos Del Sol Drive, San Jose, California.  (Compl. ¶ 2.)  On

5  November 28, 2006, Plaintiffs obtained a loan from Countrywide in the amount of $564,461.00,

6  which was secured by the Property.  (*Id.*)  The loan agreement contained an adjustable rate

7  feature and required only interest payments for the first ten years of the loan.  (*Id.*)  Plaintiffs

8  allege that Countrywide was the original mortgage lender, direct broker lender, and original

9  mortgage servicer.  (Compl. ¶ 3.)  Plaintiffs further allege that BACHL is the current loan

10  servicer, ReconTrust was the original loan trustee, and MERS was the named beneficiary.

11  (Compl. ¶¶ 3-4.)

12          Plaintiffs assert that Countrywide knew or should have known that they could not afford

13  to make payments on the loan.  (Compl. ¶ 17.)  Plaintiffs also allege that Defendants, among

14  other things: failed to explain how the loan worked; failed "to perform their due diligence in

15  investigation [sic] the legal requirements that this loan should have been processed within";

16  failed to provide Plaintiffs with a "Mortgage Loan Origination Agreement"; approved the loan

17  "based only upon a stated income and a medium to high risk credit score"; charged Plaintiffs

18  hidden fees; and "failed to provide Plaintiffs with written notice of the furnishing of negative

19  credit information to consumer reporting agency [sic] after Defendants furnished such negative

20  credit information about Plaintiffs."  (Compl. ¶¶ 19, 21, 23, 24, 26, 27.)

21          On January 15, 2010, Plaintiffs, proceeding *pro se*, filed the operative complaint in the

22  Santa Clara Superior Court, alleging twenty-one state and federal law claims including violations

23  of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and

24  Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.  Defendants removed the action

25  to this Court on March 3, 2010, and filed the instant motion on March 10, 2010, seeking

26  dismissal of all of Plaintiffs' claims.

27  //

28  //

2

## II. LEGAL STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

As the Supreme Court recently has clarified, a court must determine whether the well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1950 (2009) (emphasis added).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  It is not enough for a plaintiff simply to allege that a wrong has been committed and demand relief.  Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).  When

3

1    amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*,

2    90 F.3d 386, 393 (9th Cir. 1996).

3                                    **III.  DISCUSSION**

4            Much of the complaint consists of broad, conclusory allegations of violations of law by

5    the "defendants" generally.  Defendants move to dismiss all twenty-one claims, many on multiple

6    grounds.  In their opposition papers, Plaintiffs address specifically only Defendants' contentions

7    with respect to the TILA claims.  They contend that

8            it is in the very least, good public policy that this Court either (a) allow the bare
             bones pled Complaint and its Exhibits to commence as a viable action so that
9            Plaintiffs, [sic] can see this action all the way through; or in the alternative (b)
             allow Plaintiff [sic] to amend their Complaint to the satisfaction of the Court.
10

11   (Pls.' Opp. 4.)

12           The Court is mindful of the fact that Plaintiffs are proceeding *pro se* and that this area of

13   the law is complex.  Nonetheless, courts in the Ninth Circuit have held consistently that the

14   pleadings of *pro se* plaintiffs still must meet the pleading requirements of Rule 8 to survive a

15   motion under Rule 12(b)(6).  *See, e.g.*, *Brazil*, 66 F.3d at 199.

16           **1.       Documents Considered by the Court**

17           Defendants request that the Court take judicial notice of four documents related to the

18   loan transaction at issue: the Adjustable Rate Note (Request for Judicial Notice ("RJN") Ex. A),

19   the Deed of Trust (RJN Ex. B), the Truth in Lending Disclosure Statement (RJN Ex. C), and the

20   Servicing Transfer Disclosure (RJN Ex. D).  Plaintiffs do not oppose Defendants' request.

21           The Court properly may consider documents that are referenced in the complaint.  *See In*

22   *re Stac Elcs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of

23   documents whose contents are alleged in the complaint may be considered in connection with a

24   motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  Here, the complaint refers to the Note

25   and the Deed of Trust.  (*See* Compl. ¶¶ 2, 15.)  However, the complaint does not allege the

26   contents of either Exhibit C or D to Defendants' RJN.  Although Plaintiffs do not oppose the

27   request, neither the existence or contents of the Truth in Lending Disclosure Statement or the

28   Servicing Transfer Disclosure is a proper matter for judicial notice pursuant to Fed. R. Evid.

                                                4

201(b).  *Compare* RJN Ex. C & D (the Truth in Lending Disclosure Statement and Servicing

Transfer Disclosure for Loan Number 145139606 "which appear[] to be signed by Plaintiff[s]"

(RJN 2)) *with* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to

reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned.")  Accordingly, Defendants' request will be granted as to

Exhibits A and B and denied as to Exhibits C and D.

### 2.  The Federal Claims

#### a.  TILA Claim for Damages

Defendants argue that Plaintiffs' claim for damages under TILA fails because it is barred

by the applicable statute of limitations and because Plaintiffs' allegations are insufficiently

specific to state a TILA claim.

##### i.  Statute of limitations

Defendants argue that Plaintiffs' damages claim under TILA is barred by the one-year

limitations period set forth in 15 U.S.C. § 1640.  The loan at issue was consummated on

November 28, 2006, more than three years before Plaintiff filed the instant action.  Plaintiffs

allege that "[a]ny and all statute[s] of limitations relating to disclosures and notices required

pursuant to 15 U.S.C. § 1601 et seq. were tolled due to Defendants' failure to effectively provide

the required disclosures and notices."  (Compl. ¶ 58.)  Courts have recognized that "the doctrine

of equitable tolling may, in the appropriate circumstances, suspend the limitations period until

the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that

form the basis of the TILA action."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

However, Plaintiffs' bare allegation that they did not receive "the required notices and

disclosures" is insufficient to support a claim of equitable tolling.  *See, e.g.*, *Lingad v. Indymac

Federal Bank*, — F. Supp. 2d —, No. 2:09-cv-02347, 2010 WL 347994, at *3 (E.D. Cal. Jan. 29,

2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged

could not have been discovered by due diligence during the one-year statutory period, equitable

tolling should not be applied and dismissal at the pleading stage is appropriate." (citation

5

1  omitted)).

2  ## ii.     Disclosure of loan terms

3       Defendants assert that Plaintiffs' TILA claim should be dismissed even if it is not barred

4  by the statute of limitations because the complaint fails to allege specific TILA violations and

5  because the loan documents before the Court demonstrate that Plaintiffs were provided with the

6  required information.  Among other things, Defendants point out that it is impossible to

7  determine which Defendants are alleged to have violated which specific provisions of the statute.

8  In any amended complaint, Plaintiffs must identify which disclosures and notices Defendants

9  failed to provide and explain why they could not have brought suit within the one-year statutory

10 period.  In their opposition, Plaintiffs ask the Court to allow them to "remedy any deficiencies in

11 the pleadings, should that be the case." (Pls.' Opp. 9.)  Because it will permit Plaintiffs to amend

12 for the purpose of showing that their TILA claim is not barred by the statute of limitations, the

13 Court also will direct Plaintiffs to include additional detail as to the ways in which each

14 Defendant allegedly violated TILA.

15 ## b.     TILA Claim for Rescission

16      Defendants contend that Plaintiffs' TILA claim for rescission is barred by the statute of

17 limitations and is insufficient because Plaintiffs have failed to allege tender or ability to tender;

18 they also argue that Plaintiffs' factual allegations are contradicted by the loan documents

19 themselves, which indicate that the loan terms were disclosed to Plaintiffs.  Because the statute

20 of limitations argument is dispositive, the Court does not reach Defendants' other arguments.and

21 the loan documents indicate the loan terms were disclosed to Plaintiffs.

22      The applicable limitations period for rescission claims under TILA is three years.  15

23 U.S.C. § 1635(f).  It is undisputed that Plaintiffs filed the instant action more than three years

24 after the consummation of the loan.  Plaintiffs nonetheless claim that

25      [i]n certain instances, when the borrower is not clearly informed as to his/her right
        to cancel their transaction and if they are not given two copies of that form
26      explaining their right(s), their right to cancel; AND if they are not also provided
        the same amount of copies of their TILA rights and Disclosures, their time is
27      tolled until this problem is corrected. 15 USC section 1635(f).

28

Case No. C 10-0902 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

(Pls.' Opp. 5.)

However, unlike §1640(e), the limitations period of 15 U.S.C. § 1635(f) is not subject to equitable tolling.  The statute provides that the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*."[2]  15 U.S.C. § 1635(f) (emphasis supplied).  The Ninth Circuit has recognized that "§ 1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three year limitation period."  *See Miguel v. Country Funding Corp*., 309 F.3d 1161, 1164 (9th Cir. 2002).  Consummation of the transaction occurs at "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).  Accordingly, Plaintiffs' rescission claim is  untimely as of November 26, 2009, more than a month and a half before the instant action was filed in state court.

### c.    RESPA Claim

Plaintiffs' sixth claim alleges violations of RESPA.  Although the complaint asserts that the claim is brought against all Defendants, the allegations with respect to RESPA pertain only to Countrywide.  (*See* Compl. ¶ 66-71.)  Plaintiff alleges that Countrywide "failed to use proper underwriting techniques to ensure that Plaintiffs were likely to not suffer financial detriment when paying off th[e] loan" and "was well aware that Plaintiffs had a likelihood of default and allowed th[e] loan to be offered anyway, with an Adjustable Rate" and that "the payment schedule to the Plaintiffs [sic] was misleading and designed to create a windfall to COUNTRYWIDE."  (Compl. ¶¶ 69-70.)

Defendants move to dismiss Plaintiffs' RESPA claim on the basis that the claim is not actionable under the statute, is untimely, and fails to allege any damages or injury.  Plaintiffs do not oppose any of Defendants' arguments.

---

[2] Plaintiffs actually concede that the right to rescind expires in three years after consummation or upon transfer of all of the consumer interests in the property or upon sale of the property, whichever occurs first.  (Pls.' Opp. 5.)

Case No. C 10-0902 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)

###### i.      Private rights of action under RESPA

Defendants contend correctly that the RESPA claim fails because the statute does not create a private right of action related to loan disclosures.  *See, e.g.*, *Lingad*, 2010 WL 347994 ("[T]here is no private right of action for violations of Section 2603's disclosure requirements. *Bloom v. Martin*, 865 F.Supp. 1377, 1384 (N.D.Cal.1994) (finding that Congress did not intend to create a private right of action for violations of Section 2603), *aff'd*, 77 F.3d 318 ([9th Cir. ]1996).  Further, the disclosure provisions of RESPA that do confer a private right of action do not pertain to disclosures at a loan's closing.  *Lopez v. Wachovia Mort.*, 2:09-CV01510-JAM-DAD, 2009 WL 4505919, at *3 ([E.D. Cal. Nov. 20, 2009).  Therefore, Plaintiff's RESPA claim brought under Section 2603 against MortgageIT is dismissed with prejudice.")  Unless Plaintiffs can allege a RESPA claim based on facts that do not arise from Countrywide's loan disclosures, amendment would be futile.

###### ii.      Statute of limitations

Defendants' argument that Plaintiffs' RESPA claim is barred even if the Court applies a three-year statute of limitations, "the longest statute of limitations available under RESPA," also is well taken.  *Vrabel v. JP Morgan Chase Bank*, N.A. No. C-C-09-1278 MMC 2009 WL 2421856, at *1 (N.D. Cal. 2009) (applying 12 U.S.C. § 2614's three-year statute of limitations to the assertion of a violation of RESPA disclosure claim).  The subject loan was consummated on November 28, 2006, more than three years before the filing of the instant complaint on January 15, 2010.  *Cf. Kelly v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1058 (N.D. Cal. 2009) ("Section 2605 of RESPA governs disclosure requirements.  Claims under § 2605 are governed by a three-year statute of limitations. 12 U.S.C. § 2614. The mortgage transaction at issue here was consummated on March 28, 2006. Plaintiffs filed their complaint in state court on March 24, 2009.  Therefore, contrary to defendants' contention, a claim under § 2605 would not be time-barred.").

###### iii.      Failure to allege pecuniary damages

Finally, Defendant's contention that Plaintiffs have failed to allege any pecuniary damages resulting from any alleged RESPA violation also has merit.  *See Hutchinson v.*

8

1  *Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J.,2006) (finding that "[p]laintiffs must,

2  at a minimum, also allege that the breach resulted in actual damages"); *see also Reynoso v. Paul*

3  *Financial, LLC*, No. 09-3225 SC, 2009 WL 3833298, 7 (N.D. Cal. Nov. 16, 2009) (dismissing a

4  RESPA claim that alleged damages in a conclusory manner and that failed to describe the

5  putative QWR); *Singh v. Washington Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, *5

6  (N.D. Cal. Aug. 19, 2009) (dismissing a RESPA claim that only contained a conclusory

7  allegation that the defendants were liable for damages).  "[C]ourts have interpreted this

8  requirement liberally."  *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504

9  LKK/KJM, 2009 WL 2880393, *15 (E.D. Cal. Sept. 3, 2009).  Plaintiffs allege only that the

10  alleged RESPA violation has caused them to suffer damages "in an amount not yet ascertained,

11  to be proven at trial."  (Compl. ¶ 71).  This conclusory allegation is insufficient, even under a

12  liberal pleading standard.

13  **2.      Supplemental Jurisdiction**

14  Plaintiffs' federal claims provide the sole basis for federal subject matter jurisdiction.

15  While federal courts may exercise supplemental jurisdiction over state-law claims "that are so

16  related to claims in the action within [the court's] original jurisdiction that they form part of the

17  same case or controversy under Article III of the United States Constitution," 28 U.S.C. §

18  1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all

19  claims over which it has original jurisdiction," *id.* § 1367(c)(3).  Indeed, unless "considerations

20  of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of

21  supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state

22  claims."  *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon*

23  *Univ. v. Cohill,* 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each

24  case, and at every stage of the litigation, the values of judicial economy, convenience, fairness,

25  and comity.").  Because it is not clear that Plaintiff can state a viable federal claim, the Court will

26  defer its review of the remaining state-law claims.

27  **IV.  CONCLUSION**

28  Good cause therefor appearing, the motion to dismiss is GRANTED, with leave to amend

9

solely as to Plaintiffs' TILA claim for damages.  Consideration of Plaintiffs' state-law claims will be deferred pending a determination as to whether Plaintiffs are able to assert any federal claims.  Any amended complaint shall be filed within thirty (30) days of the date this order is filed.  The Case Management Conference will be continued to July 30, 2010, at 10:30 a.m.

**IT IS SO ORDERED.**

DATED: 5/4/2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 10-0902 JF (HRL)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART
(JFLC3)