UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON R. HERRERA and NENEBETH T. HERRERA,<br><br>              Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE KB HOME LOANS aka COUNTRYWIDE MORTGAGE VENTURES, LLC a business entity, et al.,<br><br>              Defendants. | Case No.: 10-CV-0902-LHK<br><br>ORDER GRANTING WITH PREJUDICE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO REMAINING FEDERAL CLAIM<br><br>(re: docket #19 and #32) |

Defendants Countrywide Mortgage Ventures, LLC ("Countrywide"), BAC Home Loans Servicing, LP ("BACHL"), Recon Trust Company, N.A. ("Recon Trust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") move to dismiss the First Amended Complaint ("FAC") of Plaintiffs Nelson R. Herrera and Nenebeth T. Herrera ("Plaintiffs") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Prior to reassignment to this Court, the Honorable Jeremy Fogel granted a previous motion to dismiss, with leave to amend in part. *See* May 4, 2010 Order [dkt. #15]. In that Order,

1

Judge Fogel dismissed with prejudice all but one of Plaintiffs' federal claims, which fell under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* The Order allowed leave to amend "solely as to Plaintiffs' TILA claim for damages." Because Plaintiffs' FAC still does not state a claim for damages under TILA, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss with respect to that claim against Defendants. The Court will REMAND the case to the Superior Court for Santa Clara County for consideration of Plaintiffs' state law claims.

## I. BACKGROUND

The relevant facts are laid out in the May 4, 2010 Order, and will only be summarized here. On November 28, 2006, Plaintiffs obtained a residential mortgage loan from Countrywide in the amount of $564,461, secured by their principal residence. Plaintiffs defaulted on that loan, after which Defendants instituted non-judicial foreclosure proceedings. On January 15, 2010, Plaintiffs, proceeding *pro se*, filed a complaint in the Santa Clara County Superior Court, alleging twenty-one state and federal law claims. Defendants removed the action to federal court on March 3, 2010, and filed a motion to dismiss on March 10, 2010. Judge Fogel granted that motion, with leave to amend in part in the aforementioned May 4, 2010 Order. Plaintiffs filed the operative FAC on June 3, 2010. Defendants moved to dismiss all twenty-one claims in the FAC on June 21, 2010, and re-noticed that motion before this Court on August 6, 2010.

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do. *Id.* A court must determine whether the facts in a complaint "plausibly give rise to an entitlement of relief."

2

Case No.: 10-CV-0902-LHK
ORDER GRANTING MOTION TO DISMISS

*Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet *some minimum threshold* in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (emphasis added).

Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If amendment would be futile, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

**A. TILA Claim for Damages**

The May 4, 2010 Order dismissed with prejudice all but one of Plaintiffs' federal claims. As to Plaintiffs' TILA claim for damages, Judge Fogel's Order allowed leave to amend to provide support for Plaintiffs' reliance on equitable tolling to avoid the applicable one-year statute of limitations period. *See* May 4, 2010 Order at 5. Judge Fogel also directed Plaintiffs to "include additional detail as to the ways in which each Defendant allegedly violated TILA." *Id.* at 6.

Plaintiffs' FAC, in paragraph 58, does respond to Judge Fogel's direction to provide additional detail on why their TILA claim is not barred by the one-year statute of limitations given that Plaintiffs did not file their original complaint until more than three years after consummation of the loan at issue. As Judge Fogel's Order noted, courts have recognized that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form

3

Case No.: 10-CV-0902-LHK
ORDER GRANTING MOTION TO DISMISS

the basis of the TILA action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs now allege that the statute of limitations should be tolled because they were "never given a complete loan document package" and "pertinent documents were left out especially important disclosures such as but not limited to the Good Faith Estimate, Truth-in-Lending, Servicing Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, and the Federal Equal Opportunity disclosure." FAC ¶ 58. Plaintiffs also allege that as "Tagalog speaking, laypeople, the standard of case is a low one." *Id*. Plaintiffs continue: "It wasn't until only recently when Plaintiffs' payments changed dramatically that they [Plaintiffs] realized what they had gotten themselves into." *Id*.

Although the Court appreciates that Plaintiffs are representing themselves in this matter, are not lawyers, and have limited proficiency in English, Plaintiffs must still plead enough facts to "plausibly give rise to an entitlement of relief." *Iqbal*, 129 S. Ct. at 1950. Plaintiffs' allegations have not demonstrated that they could not have discovered the alleged violations by exercising due diligence instead of bringing action more than three years after consummation of the loan. *See Akhavein v. Argent Mortg. Co.*, 2009 U.S. Dist. LEXIS 61796 (N.D. Cal. July 17, 2009) (despite allegations that plaintiffs were not familiar with mortgage transactions, and that English was not their first language, finding that plaintiffs failed to plead sufficient facts to support equitable tolling of TILA statute of limitations).

Plaintiffs do allege that they did not receive certain disclosure documents, but even if true, most of the documents to which Plaintiffs refer (i.e., "Good Faith Estimate," "Servicing Transfer," "Adjustable Rate Booklet," "Right to Copy of Appraisal," and "Federal Equal Opportunity disclosure") are not required by TILA. Plaintiffs do not specify what they mean by "Truth-in-Lending," but even if that reference is to TILA, Plaintiffs make no allegations as to why the non-disclosure of that document prevented them from discovering the alleged TILA violation within the one year statutory period. *See Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1147-48 (E.D.

4

Case No.: 10-CV-0902-LHK
ORDER GRANTING MOTION TO DISMISS

Cal. 2010) (refusing to invoke the doctrine of equitable tolling because plaintiffs' allegations that they were not provided required TILA disclosures were too conclusory and did not explain why plaintiffs failed to bring suit until more than three years after consummation of the loan).  Plaintiffs here, like the plaintiffs in *Lingad*, did not bring suit for more than three years and only provide conclusory allegations regarding the alleged failure to provide TILA disclosures.  Plaintiffs do not specify, or even provide an estimated date of, when they discovered the alleged violations, and instead only state: "It wasn't till only recently when Plaintiffs' payments changed dramatically that they realized what they had gotten themselves into."  FAC ¶ 58.  These allegations are insufficient to invoke equitable tolling.

Even if Plaintiffs had provided sufficient detail to support equitable tolling, they did nothing to respond to Judge Fogel's second direction to provide additional detail as to how each Defendant allegedly violated TILA.  Plaintiffs' FAC has merely repeated the same broad, conclusory allegations against "all Defendants" found insufficient in the May 4, 2010 Order.  The Court is mindful that Plaintiffs are pro se litigants and are not native English speakers.  However, Plaintiffs' allegations in the FAC still fail to state a claim for which relief can be granted.  Because Plaintiffs, even after express direction to do so, have not provided sufficient allegations on their TILA damages claim, the Court will grant Defendants' motion to dismiss the TILA claim for damages with prejudice.  *See Brazil*, 66 F.3d at 199.

### B.  Supplemental Jurisdiction

Because Plaintiff can state no viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction.").

## IV. CONCLUSION

Accordingly, the Court GRANTS WITH PREJUDICE Defendants' motion to dismiss as to Plaintiffs' only federal claim remaining, the TILA claim for damages, against Defendants. The case is REMANDED to the Superior Court for Santa Clara County for consideration of Plaintiffs' state law claims. The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: September 8, 2010



LUCY H. KOH
United States District Judge